NO. 07-01-00340--CV



IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 28, 2001


______________________________



IN THE MATTER OF THE MARRIAGE OF

DJUNA JEAN SIMS AND RICHARD JAMES SIMS

AND IN THE INTEREST OF JESSICA MARIE SIMS

AND JACOB ALLAN-JAMES SIMS, CHILDREN

 



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;


NO. 43,605-A; HON. DAVID L. GLEASON, PRESIDING

______________________________


ORDER ON APPELLANT'S MOTION TO DISMISS APPEAL

 


Before BOYD, C.J., QUINN and JOHNSON, JJ.

 Richard James Sims, appellant, has moved to dismiss his appeal contending that he 
"no longer desires to appeal the Judgment entered by the Court on May 17, 2001." Without
passing on the merits of the case, we grant the motion pursuant to Texas Rule of Appellate
Procedure 42.1(a)(2) and dismiss the appeal without prejudice. Having dismissed the appeal
at appellant's personal request, no motion for rehearing will be entertained, and our mandate
will issue forthwith.

 

 Brian Quinn 

 Justice

Do not publish.



/>
 
 
 
 
 
 
 
 
 MicrosoftInternetExplorer4
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0204-CR

 

   IN THE COURT
OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 16, 2010



 



 

EUTIMIO OLIVAS, 

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                             Appellee    

_____________________________

 

FROM THE 121ST DISTRICT COURT OF TERRY
COUNTY;

 

NO. 5793; HONORABLE KELLY G. MOORE,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before  QUINN, C.J., and HANCOCK and PIRTLE, JJ.








            Appellant Eutimio Olivas was
convicted of two counts of indecency with a child (his stepdaughter).  In appealing those convictions, he contends
the evidence is legally and factually insufficient to support them.  The judgments are affirmed.   

            We review challenges to the
sufficiency of the evidence under the standards discussed in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006).  Appellant was charged with intentionally and
knowingly engaging in sexual contact with the complainant by touching her anus
and her breast.  He argues that the
evidence shows at most that he only attempted to commit indecency with a
child because he did not actually touch the complainants breast or anus.  We disagree.

            The complainant, who was fifteen at
the time of trial, testified that as appellant was waking her up, he put his
hand in my pants and my underwear and started rubbing my butt all the way to where
you use the rest-room.  Another time
when she was sleeping, he rubbed her back, tried to remove the strap of her
bra, and touched the side of her breast. 
She admitted that, prior to trial, she had
never told anyone other than the district attorney that appellant had touched
her anus.  However, this was because she
was young and did not explain the details, she continued.  Furthermore, when asked if her butt
encompassed only the cheeks, she replied that she would consider it all of
it.  She also denied ever changing her
story.  At other times, she also
described the incidents as being touched almost to
where you use the rest-room and not being touched on the breast but [l]ike
right here [demonstrative].  There was
further evidence that a police officer asked her if she had been touched by
appellant on her breast and she indicated she had not.

            Appellant gave a statement to police
in which he admitted that he had touched the
complainant on the breast under her blouse and under her pants on her
butt.  However, at trial he explained
that he had admitted to those events because he believed he could keep his family
together if he did so but they did not happen the way he described them.  

            Admittedly, the evidence as to the
exact places where the complainant was touched is conflicting.  Yet, that alone does not render the evidence
insufficient.  Watson v. State, 204 S.W.3d at 417
(stating that it is not enough for a new trial that a conflict in the evidence
would cause an appellate court to disagree with the jurys resolution of the
conflict). The complainant did testify that she was rubbed up to where
one uses the restroom from which the jury could reasonably infer that she was
touched on her anus. See Hill v. State, 3
S.W.3d 249, 254 (Tex. App.Waco 1999, pet. refd) (stating that when the victim
said she was touched in the place she went to the bathroom, the jury could
infer she was touched on her genitals).  She
also stated at least once that she was touched on her breast and appellant
admitted to touching her on the breast. 
This testimony is legally sufficient to sustain the convictions.  Jensen
v. State, 66 S.W.3d 528, 534 (Tex. App.Houston [14th Dist.]
2002, pet. refd) (stating that the testimony of the complainant alone is
sufficient to support a conviction).  

            The other evidence of record tends
to place her credibility in question. 
But, whether to believe or disbelieve her was a matter within the jurys
province, that is, for it to resolve.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
We cannot say that the manner in which it resolved the issue was so
against the great weight of the evidence as to undermine our confidence in
it.  That is, we see no manifest
injustice given the totality of the evidence before the jury.  

            Accordingly, we overrule the issues,
find the evidence to be both legally and factually sufficient to support the
verdicts, and affirm the judgments of the trial court. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

 

Do
not publish.